**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| STILL WATERS MEDICAL SPA, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>JOSEPH SCIAMANNA,<br><br>Defendant. | Case No. : 2:26-cv-01353-BHH<br><br><br>**COMPLAINT**<br>**(JURY TRIAL DEMANDED)** |

Plaintiff Still Waters Medical Spa, LLC ("Plaintiff" or "Still Waters"), by and through undersigned counsel, alleges as follows:

## INTRODUCTION

1. This is an action against Defendant Joseph Sciamanna ("Defendant" or "Mr. Sciamanna"), a South Carolina domiciliary residing in the Charleston Division, for breach of an Unconditional and Continuing Guaranty (the "Guaranty") that he executed to induce Still Waters to extend $750,000.00 in credit to GVO Still Waters, LLC under a March 29, 2024 promissory note, as amended on August 23, 2024 (the "Note").

## JURISDICTION AND VENUE

2. Still Waters incorporates the allegations set forth in the preceding paragraphs as if restated herein verbatim.

3. Plaintiff Still Waters Medical Spa, LLC is a limited liability company organized under the laws of the State of Florida. Its members are Jeff Aanestad, an individual and domiciliary of

the State of Florida, and Mary Anne Aanestad, an individual and domiciliary of the State of Florida. Still Waters is therefore a citizen of Florida.

4. Defendant Joseph Sciamanna is a natural person domiciled in Charleston County, South Carolina, and is therefore a citizen of South Carolina.

5. The amount in controversy exceeds $75,000, exclusive of interests and costs.

6. This Court has subject-matter jurisdiction under 28 U.S.C. § 1332(a) because there is complete diversity and the amount in controversy exceeds $75,000.

7. This Court has personal jurisdiction over Mr. Sciamanna because he is domiciled in South Carolina.

8. Venue is proper in the District of South Carolina, Charleston Division under 28 U.S.C. § 1391(b)(1) because Mr. Sciamanna resides in this judicial district and division, and for venue purposes a natural person resides in the judicial district in which that person is domiciled.

9. Assignment to the Charleston Division is proper under Local Civ. Rule 3.01(A)(1) (D.S.C.) because Mr. Sciamanna is a natural person who resides in Charleston County, South Carolina.

## PARTIES

10. Still Waters incorporates the allegations set forth in the preceding paragraphs as if restated herein verbatim.

11. Still Waters is the payee identified in the Note and the obligee identified in the Guaranty.

12. Mr. Sciamanna is sued in his individual capacity as the personal guarantor under the Guaranty.

## FACTUAL ALLEGATIONS

2

13. Still Waters incorporates the allegations set forth in the preceding paragraphs as if restated herein verbatim.

14. On March 29, 2024, GVO Still Waters, LLC (the "Debtor") executed and delivered to Still Waters the Note in the original principal amount of $750,000.00. A true and correct copy of the Note is attached as **Exhibit A**.

15. The Note provided for interest at the rate of 11% per annum, with quarterly compounding through payment-in-kind interest.

16. On March 29, 2024, in order to induce Still Waters to extend the credit evidenced by the Note, Mr. Sciamanna executed and delivered the Guaranty. A true and correct copy of the Guaranty is attached as **Exhibit C**.

17. The Note and Guaranty are governed by Delaware law.

18. The Guaranty provides that Mr. Sciamanna "unconditionally and absolutely" guaranteed the punctual and full payment when due, by acceleration or otherwise, of all obligations of the Debtor under the Note.

19. The Guaranty further provides, among other things, that (i) Still Waters may pursue its rights under the Guaranty against Mr. Sciamanna if "the Note is not paid in full by Debtor within ninety (90) days or in the event the Debtor defaults under the Note"; and (ii) Still Waters is not required to resort to or exhaust remedies against Debtor, any other obligor, or any collateral before enforcing the Guaranty against Mr. Sciamanna.

20. Pursuant to Section 4 of the Guaranty, Mr. Sciamanna expressly waived, to the fullest extent provided therein, all defenses and notices otherwise available to him, including presentment, demand for payment, notice of dishonor, protest, notice of protest, and notice of nonpayment.

21. On August 23, 2024, Still Waters and Debtor executed the First Amendment to Promissory Note (the "First Amendment"). A true and correct copy of the First Amendment is attached as **Exhibit B**.

22. The First Amendment amended and restated Section 1 of the Note and established the following payment schedule:

    a.  $200,000.00 due on September 30, 2024;

    b.  $100,000.00 due on January 1, 2025;

    c.  $150,000.00 due on July 1, 2025; and

    d.  All remaining unpaid principal and accrued and unpaid interest due on December 1, 2025.

23. The First Amendment did not release, impair, or discharge Mr. Sciamanna's obligations under the Guaranty. To the contrary, the Guaranty expressly states, pursuant to Section 3, that renewals, replacements, rearrangements, and extensions of the liabilities do not affect Mr. Sciamanna's liability.

24. Furthermore, Mr. Sciamanna affirmed the Guaranty on August 23, 2024 ("Affirmation of Guaranty") in connection with the execution of the First Amendment. A true and correct copy of the Affirmation of Guaranty is attached as **Exhibit D**. Therein, Mr. Sciamanna reaffirmed "his Guaranty as being in full force and effect and . . . that such Guaranty covers any changes to the Note made on" that day. *Id.*

25. Section 4(a) of the Note provides that a default occurs if Debtor fails to perform an obligation under the Note for fifteen (15) days after the earlier of the first day Debtor has actual knowledge of the failure or written notice thereof.

26. Section 4 further provides that, upon an Uncured Default, the Note bears interest at the default rate of eighteen percent (18%) per annum.

27. Debtor failed to make the $200,000.00 payment due on September 30, 2024, and had actual knowledge of such failure.

28. Debtor failed to cure that nonpayment within fifteen (15) days. Accordingly, an Uncured Default occurred on October 15, 2024.

29. Pursuant to Section 4 of the Note, default interest began to accrue on October 15, 2024, at the contractual rate of eighteen percent (18%) per annum.

30. On January 6, 2025, Debtor made a payment of $100,000.00 on the Note. Pursuant to Section 2 of the Note, that payment was applied first to accrued interest and then to outstanding principal.

31. Even after applying the January 6, 2025 payment, Debtor failed to satisfy its remaining obligations under the Note, as amended.

32. All unpaid principal and all accrued but unpaid interest became due on December 1, 2025, the maturity date set forth in the First Amendment, and those amounts remain unpaid.

33. Debtor's default under Section 4 of the Note triggered Mr. Sciamanna's obligations under the Guaranty.

34. Under Sections 1 and 4 of the Guaranty, Still Waters was not required to first sue Debtor, proceed against any collateral, or exhaust any other remedy before enforcing the Guaranty against Mr. Sciamanna.

35. Still Waters demanded payment from Mr. Sciamanna under the Guaranty, but Mr. Sciamanna has failed and refused to pay the indebtedness due and owing under the Note and Guaranty.

36. As of April 1, 2026, and after applying all credits and payments, including the $100,000.00 payment made on January 6, 2025, the amount due and owing under the Note and Guaranty is as follows:

    a.   Principal and accrued interest and late fees as of April 1, 2026: $953,551.19

    b.   Per diem pre-judgment interest beginning April 1, 2026, and continuing through June 30, 2026 (and thereafter at the default rate after applying the quarterly default interest to the principal, according to the First Amendment), to be compounded as of July 1, 2026: $450.08 per day

    c.   Per diem late fees from and after April 1, 2026: $100 per day

    d.   Reasonable attorneys' fees in an amount to be proven.

## COUNT I
### (Breach Of Guaranty)

37. Still Waters repeats and realleges paragraphs 1 through 36 as if fully set forth herein.

38. The Guaranty is a valid and enforceable contract.

39. Still Waters extended credit to Debtor in reliance on the Guaranty and has performed all obligations required of it under the loan documents, or any such obligations have been satisfied, excused, or waived. All conditions precedent have occurred, been performed, or been waived.

40. Debtor defaulted under the Note and failed to pay the indebtedness when due.

41. Under the express terms of the Guaranty, Mr. Sciamanna unconditionally and absolutely guaranteed the punctual and full payment when due, by acceleration or otherwise, of Debtor's obligations under the Note.

6

42. Under the express terms of the Guaranty, Still Waters is entitled to enforce the Guaranty directly against Mr. Sciamanna without first resorting to Debtor, any other obligor, or any collateral.

43. Mr. Sciamanna breached the Guaranty by failing to pay the indebtedness due under the Note after Debtor's default.

44. As a direct and proximate result of Mr. Sciamanna's breach of the Guaranty, Still Waters has suffered damages, including unpaid principal, accrued interest, default interest, late fees, attorneys' fees and expenses, costs, and post-judgment interest.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Still Waters Medical Spa, LLC respectfully requests that the Court enter judgment in its favor and against Joseph Sciamanna and award: (a) all amounts due and owing under the Note and Guaranty, including unpaid principal, accrued interest, default interest, late fees, and reasonable attorneys' fees and expenses; (b) post-judgment interest as allowed by law and the governing loan documents; (c) taxable costs; and (d) such other and further relief as the Court deems just and proper.

Respectfully Submitted,

s/ Anna W. Mobley
Anna W. Mobley (Fed. Bar # 14166)
BUTLER SNOW LLP
25 Calhoun Street, Suite 250
Charleston, SC 29401
Telephone: (843) 277-3719
Fax: (843) 277-3701
E-Mail: Anna.Mobley@butlersnow.com

***Attorney for Plaintiff Still Waters Medical Spa, LLC***

Dated: March 31, 2026
Charleston, South Carolina